841 So.2d 468 (2002)
Roberto RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3187.
District Court of Appeal of Florida, Third District.
February 13, 2002.
Bennett H. Brummer, Public Defender, and May L. Cain, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before JORGENSON, GODERICH, and FLETCHER, JJ.

ON REHEARING DENIED
FLETCHER, Judge.
We deny the motion for rehearing herein. However, we withdraw our prior opinion of June 20, 2001 and substitute the following opinion:
Roberto Ruiz was charged by information with two counts of sexual battery, burglary of an occupied dwelling with intent to commit an offense therein, and kidnaping with intent to commit or facilitate the sexual battery. The court denied defense motions for judgment of acquittal on the kidnaping and burglary charges, and a jury found Ruiz guilty of misdemeanor battery (as a lesser included offense of the sexual battery charges), burglary with assault or battery, and kidnaping.
Ruiz argues that, pursuant to Delgado v. State, 776 So.2d 233 (Fla.2000), his conviction for burglary must be reversed because he entered the victim's apartment with her permission. Following Delgado,[1] we agree that the trial court erred by denying appellant's motion for judgment of acquittal on the burglary *469 charge because there exists sufficient evidence in the record that entry was consensual and that Ruiz did not surreptitiously remain in the apartment. See, Delgado at 240. The record indicates that the jury was erroneously instructed that it could find Ruiz guilty of burglary even if the initial entry was consensual and if the victim later withdrew consent. Once Ruiz met his burden[2] of establishing consensual entry into the home, and showed that he did not remain surreptitiously, the evidence was then insufficient to establish burglary. Delgado, 776 So.2d 233.
We reverse the conviction for burglary, affirm the remaining convictions, and remand for proceedings consistent with this opinion.
NOTES
[1] We are aware of the creation of section 810.015, Florida Statutes (2001) by which the legislature has expressed its disagreement with Delgado. However, see Braggs v. State, 815 So.2d 657(Fla. 3d DCA 2002). As in Braggs we certify that we have passed on the following question of great public importance:

WHETHER SECTION ONE OF CHAPTER 2001-58, LAWS OF FLORIDA, HAS LEGISLATIVELY OVERRULED DELGADO v. STATE, 776 So.2d 233 (Fla.2000), FOR CRIMES COMMITTED ON OR BEFORE JULY 1, 2001?
[2] Consensual entry is an affirmative defense to burglary under Delgado.